IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID L. GIVENS                               )
                                              )
v.                                            ) NO. 3-12-0672
                                              ) JUDGE CAMPBELL
TENNESSEE FOOTBALL, INC.                      )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 14). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

This case is before the Court for the second time, having been dismissed on February 10, 2010. *Givens v. Tennessee Football, Inc.*, 684 F.Supp.2d 985 (M.D. Tenn. 2010). Plaintiff is a former professional football player, and Defendant is Tennessee Football, Inc., which operates as a member of the National Football League under the name Tennessee Titans. Plaintiff is a former member of the Tennessee Titans team.

Plaintiff alleged, in his prior diversity action, that Defendant committed the torts of outrageous conduct and negligent and/or intentional infliction of physical and emotional injury, and performed its contractual obligations to Plaintiff in bad faith by withholding certain medical information regarding Plaintiff's knee. *Givens*, 684 F.Supp.2d at 988. This Court held that Plaintiff's claims were preempted under Section 301 of the Labor Management Relations Act because the claims were inextricably intertwined with the Collective Bargaining Agreement ("CBA") to which both Plaintiff and Defendant were parties. *Id*. at 990-992. As noted in the Court's prior

opinion, the Supreme Court has held that preempted claims must first be presented through the arbitration procedures established in the CBA. *Id*. at 991.

In this second action, Plaintiff alleges that, following dismissal of his first case, he and Defendant proceeded in the CBA-mandated arbitration. Plaintiff's Amended Complaint asserts that Plaintiff sought a ruling by the arbitrator as to whether a violation of Article XLIV, Section 1 of the CBA (concerning notice to Plaintiff of his medical condition) can be adjudicated in arbitration[1] and whether or not there is an adequate remedy under the Agreement. Docket No. 13. Plaintiff claims that the arbitrator ruled that the issue of the violation of Article XLIV of the CBA was beyond the scope of the grievance for which the arbitration was initiated. Plaintiff alleges the arbitrator did not rule on the issues of breach of that provision or the absence of a remedy. *Id*.

Plaintiff avers that, therefore, he has not been able to resolve this matter through the arbitration process and is entitled to move to the next step, this litigation. Plaintiff again alleges causes of action for outrageous conduct, negligent and/or intentional infliction of physical and emotional injury, and bad faith performance of contractual obligations. Docket No. 13. This action is *not* an appeal from the arbitrator's decision or an action to vacate the arbitrator's decision.

Defendant has moved to dismiss this action, contending that the preemptive grounds upon which the Court dismissed the first case likewise bar this action. Defendant argues that, once again, Plaintiff's dispute requires an interpretation of and is inextricably intertwined with the terms and conditions of his NFL CBA. Defendant contends that Plaintiff's exclusive remedy for this dispute remains under that CBA.

---

[1] The Court notes that the question of whether the parties have submitted a particular dispute to arbitration is a question for judicial determination, not for the arbitrator. *Howsam v. Dean Witter Reynolds, Inc.*, 123 S.Ct. 588, 591 (2002).

The decision of the arbitrator (Docket No. 13-1) states: "It is obvious on the face of the grievance quoted above that it alleges no violation of Article XLIV." Noting that Plaintiff raised the issue of violation of Article XLIV of the CBA for the first time in his post-hearing brief,[2] the arbitrator held that that issue was beyond the scope of the grievance.[3] Docket No. 13-1, p. 11. On the issues which were within the scope of the grievance, Plaintiff's grievance was denied. *Id.*, p. 15.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

---

[2]     Defendant points out that the issue was not raised in the grievance letter or argued at the hearing before the arbitrator.

[3]     The arbitrator did *not* rule that the issue was beyond the scope of the arbitration process.

DISCUSSION

The Court previously found that Plaintiff's claims (identical to his claims herein) were preempted and had to be presented through the arbitration procedure established in the CBA. The issues presented to the arbitrator (as stated by the arbitrator in his decision) were: Did the Club [Defendant] violate the CBA by denying the Player's [Plaintiff's] request for the injury protection benefit for the 2008 NFL season and if so, what is the appropriate remedy? Docket No. 13-1, p. 2.[4]

The Plaintiff chose not to present the matters at issue herein and in his prior lawsuit (outrageous conduct, negligent and/or intentional infliction of physical and emotional injury, and bad faith performance of contractual obligations) to the arbitrator. The arbitrator did not find that these issues were beyond the scope of the CBA; rather, the arbitrator found that these issues were beyond the scope of Plaintiff's grievance. Docket No. 13-1, p. 11.

Thus, the arbitrator's failure to provide Plaintiff with a ruling on these particular issues was caused by Plaintiff's failure to raise them in his grievance. Plaintiff could have raised the notice issue and the corresponding state law tort claims and he did not. The remedy of arbitration was not unavailable to him, as Plaintiff claims. He did not take advantage of it. Therefore, Plaintiff's argument that he was unable to obtain any relief under the CBA is not persuasive.

As this Court found before, any duty the Defendant had to advise Plaintiff of the results of his medical examination was either created by the CBA or is inextricably intertwined with the CBA. Since Plaintiff's claims herein arise from the same alleged failure to notify, once again his claims are preempted.

_____

[4]     The Court may consider the arbitrator's decision on this Motion to Dismiss because it was attached to the Amended Complaint and, thus, it is considered part of the pleadings. *Rhea v. Dollar Tree Stores, Inc.*, 395 F.Supp.2d 696, 702-03 (W.D. Tenn. 2005).

CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Docket No.14) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE